## SUN MARINE TERMINALS, INC. *v.* TOSCO CORPORATION

85-129                    697 S.W.2d 901

Supreme Court of Arkansas
Opinion delivered October 28, 1985

234

*Vickery & Jones, P.A.*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

GEORGE ROSE SMITH, Justice. The appellant, Sun Marine, brought this action for damages for breach of a 10-year contract by which it was to handle and store crude oil for the defendant, Tosco Corporation. The complaint alleged that Tosco had repudiated its contractual obligation by giving notice that it would no longer perform its side of the agreement, which still had about seven years to run. The case has not yet been tried, this being an appeal under Appellate Procedure Rule 2(a)(5) from an interlocutory order. The appeal comes to us under Rule 29(1)(c).

Sun Marine filed its complaint on March 5, 1985. Two days later Sun Marine applied to the trial judge for a writ of attachment, submitting an affidavit asserting two statutory grounds for attachment: (1) Tosco is a foreign corporation, and the claim against it arises upon contract, Ark. Stat. Ann. § 31-101(1), as limited by Subsection (8), (Repl. 1962); and (2) Tosco is about to sell its property and apply the proceeds to secured debts, leaving insufficient property in the state to satisfy Sun Marine's claim. § 31-101(6). After a hearing at which Sun Marine proved its grounds for attachment, the circuit judge denied the application for the single reason that it had not been shown that Tosco was about to remove its property with intent to defraud its creditors.

■■ The denial of the requested attachment was an error. Tosco's status as a foreign corporation is undisputed and is in itself a sufficient ground for the attachment. When that ground is asserted, there is no statutory requirement that a fraudulent intent be shown. That intent is required only in subsections (7) and (8) of Section 31-101. We have never read such a requirement into the plain language of subsection (1) and have no reason for doing so.

Tosco argues that the attachment was properly denied, because "sufficient cause" was not shown in accordance with Section 31-149. That section reads as follows:

> At any time before the attachment is sustained, the defendant, upon reasonable notice to the plaintiff, or his attorney, may move the court to discharge the attachment, the hearing of which may be postponed by the court, upon sufficient cause, from time to time; and, upon the hearing, if the court is of opinion that the attachment was obtained without sufficient cause, or that the grounds of attachment being controverted are not sustained, the attachment shall be discharged.

■ This is a procedural section that provides for a court hearing when the attachment has been issued by the clerk of the court, as authorized by Section 31-105. Under the quoted section the court may discharge the attachment issued by the clerk if it was obtained without sufficient cause, which means without a statutory ground, or if the existence of the asserted ground is successfully controverted by evidence presented to the court upon the motion to discharge the attachment. The situation contemplated by Section 31-149 did not arise in this case; so the section is inapplicable. Sun Marine proved its grounds for attachment.

The order is reversed and the cause remanded with directions that the attachment be issued, upon Sun Marine's execution of a sufficient attachment bond.

PURTLE, J., not participating.